UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| | : NO. 3:10-CR-148(EBB) |
| v. | : |
| | : |
| | : |
| JOSEPH SMITH, ET AL | : |

RULING ON PENDING MOTIONS

Presently pending before the Court are numerous motions by the defendant, Blanchard Baisden ("Baisden"), relating to disclosure and evidentiary issues. The Court rules as follows with respect to these motions.

I.   Motion for Hearing to Determine Admissibility of Rule 801(d)(2)(E) Evidence

Baisden moves for a pre-trial hearing to determine the admissibility of evidence under Fed. R. Evid. 801(d)(2)(E). Fed. R. Evid. 801(d)(2)(E) provides that a statement by a co-conspirator is not hearsay and is admissible against a defendant. In order to admit statements under 801(d)(2)(E), however, the government must prove, by a preponderance of evidence, that: (1) there was a conspiracy; (2) both the declarant and the defendant were members of the conspiracy; and (3) the statements were made in the course of and in furtherance of the conspiracy. See United States v. Diaz, 176 F.3d 52, 83 (2d Cir. 1999).

Baisden seeks a pre-trial hearing wherein the government would have to establish these factors before the statements were admitted at trial. See United States v. James, 576 F.2d 1121, 1127-32 (5th Cir. 1978), modified en banc, 590 F.3d 575. A so-called James hearing, is not required, nor is it generally utilized in this Circuit. Rather, courts in this Circuit consistently follow the method elucidated in United States v. Geaney, 417 F.2d 1116, 1120 (2d Cir. 1969)

and its progeny. Under this approach, hearsay statements proffered as co-conspirator statements are admitted conditionally during the government's case-in-chief, "subject to the later submission" of the evidence necessary for admission under FRE 801(d)(2)(E). See United States v. Tracy, 12 F.3d 1186, 1199 (2d Cir. 1993).

Accordingly, at the close of the government's case, the Court will rule on whether the government has established by a preponderance of the evidence the necessary factors for admission of any such co-conspirator statements. Id. If the Court determines that the government has carried its burden, the statements will be admitted as substantive evidence. Id. If the Court determines that the government has not established the requisite factors, the court will either "instruct the jury to disregard the statements, or, if those statements were 'so large a proportion of the proof as to render a cautionary instruction of doubtful utility'. . . declare a mistrial." Id. (quoting United States v. Geaney, 417 F. 2d 1116, 1120 (2d Cir. 1969)).

Baisden has not demonstrated any compelling factors that would warrant departure from the well-settled precedent in this Circuit. A pre-trial hearing in this case would "'require this Court to undertake a mini-trial, significantly prolonging the proceedings and affording the defendant[] a complete preview of the government's evidence.'" United States v. Segura, 99cr85 2000 WL 1838331 (D. Conn., Oct. 31, 2000) (quoting United States v. Ianiello, 621 F. Supp. 1455, 1478 (S.D.N.Y. 1985)). Accordingly, Baisden's motion [doc. # 1012] is DENIED.

II.     Motion to Produce Agent's Notes

Baisden moves, pursuant to 18 U.S.C. 3500(e), Fed. R. Crim. P 26.2(f) and Jencks v. United States 353 U.S. 657 (1957), for the production of any agent's notes taken at any proffer session or statements made involving himself or any potential witness who will testify at trial pertaining to him.

The Jencks Act requires disclosure, after the witness testifies, of "any statement of the [government's] witness in the possession of the United States which relates to the subject matter as to which the witness testified." 18 U.S.C. 3500 (c). A "statement" is defined under the act as:

> (1) a written statement made by said witness and signed or otherwise adopted or approved by him (2) a stenographic, mechanical, electrical, or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement; or (3) a statement, however taken or recorded, or a transcription thereof, if any, made by said witness to a grand jury.

Thus, agent's notes are discoverable under the Jencks Act if they are either "a substantially verbatim recital" of a witness's statement or if the notes have been "adopted or approved" by the witness. Id.; United States v. Scotti, 47 F.3d 1237, 1240 (2d Cir. 1995). Agent's notes are considered "substantially verbatim recitals" of the witness's statement if they "could fairly be deemed to reflect fully and without distortion what had been said to the government agent;" Palermo v. United States, 360 U.S. 343, 352 (1959).

In response to Baisden's motion, the government represents that it has disclosed to Baisden the formal reports containing a statement he made during his arrest as well as formal reports of the proffer interviews of the government's witnesses conducted by agents. See United States v. Barlin, 686 F.2d 81, 92 (2d Cir. 1982) (no Jencks Act violation where agent's notes were made part of agent's formal report). Moreover, Baisden has not made any showing that would trigger the Court's obligation to review the documentation he requests *in camera*. See United States v. Calhelha, 456 F. Supp. 2d 350, 360-70 (D. Conn. 2006) (noting that court's obligation to review privileged pretrial interview notes not triggered unless defendant made showing that notes were used or adopted by witness or that defendant might discover something exculpatory or impeaching). Therefore, Baisden's motion [doc. # 1013] is DENIED.

III.     Motions in Limine

*a. Aliases*

Baisden moves for an order in striking the aliases "Shrek," "Weedy," "Yak," and "B" from the indictment and for an order in limine prohibiting the government referring to Baisden by his alias through evidence or testimony.

"Generally . . . aliases are stricken [from an indictment] only if they constitute prejudicial surplusage and will not assist the trier of fact in identifying a particular defendant or defendants." United States v. Murgas, 967 F. Supp. 695, 710 (N.D.N.Y. 1997) (citing United States v. Miller, 381 F. 2d 529, 536 (2d Cir. 1967)). "Use of aliases in the indictment is permissible [i]f the Government intends to introduce evidence of an alias and the use of that alias is necessary to identify the defendant in connection with the acts charged in the indictment." United States v. Rodriguez, 734 F. Supp. 116, 128 (S.D.N.Y. 1990) (internal quotation marks omitted). In this case, the aliases in the indictment are relevant and will assist the trier of fact in identifying the defendant. The government represents that Baisden is referred to by his aliases in the wiretap phone calls the government intends to offer into evidence. The government also intends to introduce evidence to establish that Baisden was in fact known by these aliases. Accordingly, inclusion of these aliases in the indictment is proper.

Baisden also seeks an order in limine prohibiting the government from referring to him by his aliases during trial. Baisden claims that reference to him by his aliases—specifically the alias "Weedy"— would be unduly prejudicial. In support of his motion, Baisden relies on United States v. Farmer, 583 F.3d 131 (2d Cir. 2009), a case where the Second Circuit ruled that the prosecutor's "frequently repeated, gratuitous invocation" of the "strongly suggestive" alias "Murder" in a trial for, *inter alia*, murder in aid of racketeering, was unduly prejudicial. The

4

Second Circuit's ruling in Farmer, however, does not require precluding the use of the Baisden's aliases.

First, the alias "Weedy" is not as "strongly suggestive of a criminal disposition" of a "particularly heinous type" as was the alias "Murder." Although the alias "Weedy" maybe somewhat suggestive in light of the fact that Baisden is charged with, *inter alia*, conspiracy to distribute and possess with intent to distribute marijuana, a drug referred to in some circles as "weed," it does not rise to the level of being unduly prejudicial.

Second, as the Second Circuit clearly stated, the undue prejudice in Farmer was not caused by the admission of the nickname into evidence, but rather, was caused by "the prosecutors' frequently repeated gratuitous invocation of [the defendant's] nickname in their addresses to the jury." Indeed, because Baisden is referred to by his aliases in wiretap evidence that will be presented to the jury, evidence of Baisden's aliases is relevant and probative and may properly be admitted. Accordingly, the government will be permitted to introduce evidence of Baisden's aliases, including "Weedy," at trial. The government is cautioned, however, to avoid referring to the defendant as "Weedy" more than reasonably necessary to establish identity on the wiretaps. See, United States v. Burton, 525 F.2d 17, 19 (2d Cir. 1975) (holding that prosecutor's occasional reference to defendant by alias during presentation of case where alias was relevant to identity was not unduly prejudicial, but should not be encouraged). Baisden's motion in limine [doc. # 1014] is DENIED.

*b. Gang Evidence*

Baisden also requests an order pursuant to Fed. R. Evid. 403 and 404(b) prohibiting the government from introducing any evidence or making any references relating to "alleged gang activity, names of gangs, or involvement of alleged gang members in the narcotics conspiracies"

that are the subject of this case. In response, the government represents that it does not intend to offer any evidence relating to gangs during its case-in-chief, but reserves the right to introduce such evidence if the defendant opens the door. In light the government's representations, Baisden's motion [doc. #1017] is denied as MOOT.

IV.     Motion for Disclosure of 404(b) Evidence

Baisden moves for disclosure of 404(b) and other "bad acts" evidence that the Government intends to introduce at trial. In response, the Government filed a notice of its intent to offer 404(b) evidence. Thus, Baisden's motion for disclosure of 404(b) evidence [doc. # 1015] is denied as MOOT. Baisden also filed a reply to the government's 404(b) notice, objecting to the introduction of 404(b) evidence. The Court's decision on the admissibility of 404(b) evidence is best made during trial when its admissibility can be considered in the context in which it is offered. See, United States v. Figueroa, 618 F.2d 934, 941-44 (2d Cir. 1980).

V.      Motion for Disclosure of Expert Witness and Pre-Trial Hearing

Baisden moves for disclosure of any proposed law enforcement expert witnesses and for a pre-trial evidentiary hearing on the admissibility of such testimony pursuant to Daubert v. Merrell Dow Pharmaceuticals Corp., 509 U.S. 579 (1993). In response, the government indicated that it has disclosed to Baisden that it intends to call FBI Special Agent Robert Bornstein, "who, based on his years of law enforcement experience," will testify regarding various aspects of the drug-trade, but will not testify regarding the meaning of any particular conversations involving the defendant or other co-defendants that were intercepted during the wiretap investigation.

To the extent that Baisden seeks disclosure of expert evidence, the point is moot in light of the government's representation that this information has been disclosed. Next, with respect

to Baisden's request for a Daubert hearing, the Court concludes that a pre-trial evidentiary hearing is not necessary. The Court is aware that pursuant to both Daubert and Fed R. Evid. 702, it must act as a gatekeeper and assess the reliability and relevance of expert testimony. There is no indication, however, that the government intends to offer scientific evidence that requires a Daubert hearing. Rather, the evidence the government intends to offer through Agent Bornstein falls within the "technical, or other specialized knowledge" branch of Rule 702. The Court will determine the admissibility of such evidence when it is offered at trial. See United States v. Mejia, 545 F.3d 179 (2d Cir. 2008). As such, Baisden's motion for disclosure and for an evidentiary hearing, [doc. # 1016] is DENIED.

## Conclusion

For the foregoing reasons, Baisden's motion to for a hearing re: 801(d)(2)(E) evidence [doc. # 1012], his motion to produce agent's notes [doc. # 1013], his motion in limine re: nicknames [doc. # 1014] and his motion for disclosure and for a hearing re: expert witnesses [doc. # 1016] are DENIED. Baisden's motion in limine re: gang evidence [doc. # 1017], and his motion for disclosure of 404(b) evidence [doc. # 1015] are denied as MOOT.

SO ORDERED

/s/ Ellen Bree Burns, SUSDJ

ELLEN BREE BURNS
SENIOR UNITED STATES DISTRICT JUDGE

Dated at New Haven, Connecticut this 18 day of June, 2012.